IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CIVIL ACTION NO. 5:24-cv-00007-D-BM

| | |
|---|---|
| GREENVILLE HERITAGE FEDERAL CREDIT UNION, | )<br>)<br>) |
| Plaintiff, | )<br>)<br>) |
| v. | )<br>)<br>) |
| ATM USA, LLC, | )<br>)<br>) |
| Defendant/Third-Party Plaintiff, | )<br>) **CONSENT PROTECTIVE ORDER** |
| v. | )<br>)<br>) |
| BRINK'S INCORPORATED and BRINK'S U.S., a DIVISION OF BRINK'S INCORPORATED, | )<br>)<br>)<br>) |
| Third-Party Defendants. | )<br>) |

This matter is before the Court for entry of a Consent Protective Order pursuant to Rule 26 of the Federal Rules of Civil Procedure. The Parties inform the Court that: (i) documents have been requested for production from each other which relate to and contain confidential information, including, but not limited to, confidential business, financial, and proprietary information; (ii) the Parties require a protective order to preserve the confidentiality of such information; and (iii) the Parties have conferred regarding the need to protect confidential, proprietary business, and financial information and have agreed to the entry of this Consent Protective Order in order to resolve those objections. Based on that information and a review of the proposed Consent Protective Order, the Court believes that entry of the agreed Protective Order is in the interest of the fair and efficient administration of justice.

Therefore, until further order of the Court, it is hereby ordered as follows:

1. The following definitions shall apply in this order:

   (a) The terms "Party" or "Parties" mean the Plaintiff, the Defendant/Third-Party Plaintiff, and the Third-Party Defendant in this lawsuit, including a Party's officers, directors, managers, employees, consultants, retained Experts, and Outside Counsel of Record (and their support staff).

   (b) The term "Outside Counsel of Record" will mean attorneys who are not employees of a Party but are retained to represent or advise a Party and have appeared in this action on behalf of that Party or are affiliated with a law firm that has appeared on behalf of that Party.

   (c) The term "Document(s)" means any and all documents or electronically stored information, including emails, writings, drawings, graphs, charts, photographs, recordings, images, data, data compilations, and any other materials within the scope of Rule 34 of the Federal Rules of Civil Procedure.

   (d) The term "Confidential Information" means certain confidential and proprietary business and financial information, including, but not limited to, communications and other general confidential business, proprietary and financial information which is contained within a document required to be produced in this matter or required to be provided orally in depositions or otherwise other than in written format by the Parties or any third party pursuant to subpoena.

   (e) The term "Confidential Document" means a Document containing Confidential Information. If any Party and the Party's Outside Counsel of Record reasonably believe a Confidential Document contains Confidential Information, the Document should be marked as "Confidential."

(f) The term "Confidential – Attorneys Only" means either Documents or parts of Documents and the information contained therein that a Party and the Party's Outside Counsel of Record reasonably, with diligent scrutiny and care, and in good faith determines meets the definition of "Confidential Information" and the disclosure of which would cause actual harm or substantial prejudice to the Party. Documents or parts of documents meeting the foregoing definition of "Confidential – Attorneys Only" shall be marked as "Confidential – Attorneys Only."

(g) The term "Designated Materials" means Confidential Documents and Confidential Information marked as "Confidential" or "Confidential – Attorneys Only."

(h) The term "Privileged Material" will mean any document or information protected from disclosure by a privilege, immunity, or other protection, including, without limitation, the attorney-client privilege, the work product doctrine, or the joint defense or common interest privilege.

2. The Parties and their Outside Counsel of Record shall not use Confidential Documents or Confidential Information for any purpose other than prosecution of this action. Confidential Documents or Confidential Information marked as "Confidential" may be disclosed only to the following persons:

(a) The Parties, Outside Counsel of Record for the Parties, and employees of such counsel who are assisting said counsel in preparation for trial of this matter.

(b) Persons specifically consulted by Outside Counsel of Record for the Parties to assist in the preparation or trial of this matter (such as consultants and experts) who are not regular employees of Outside Counsel of Record for the Parties, but only if such

3

persons need the Confidential Documents or Confidential Information to render such assistance.

(c) Any potential or actual deposition or trial witness to the extent that it is necessary to tender to such witness a Confidential Document or Confidential Information as an exhibit in order to elicit testimony relevant to the matters at issue in this case.

(d) Any person serving as a mediator during a mediated settlement conference of this matter.

(e) The Court, individuals serving as jurors and those employed by the Court.

Confidential Documents or Confidential Information marked as "Confidential – Attorneys Only" may be disclosed to all of the foregoing, except they may not be disclosed to any non-producing Party.

3. If a Party or any non-party (pursuant to subpoena) produces any documents or information which it reasonably believes are Designated Materials, or if a Party otherwise reasonably believes documents or information produced by a third party pursuant to a subpoena are Designated Materials, the Party or non-party will promptly designate such documents or information as Confidential by stamping or otherwise affixing to the documents or information the label "Confidential," "Confidential – Attorneys Only" or by otherwise notifying the other Party's Outside Counsel of Record in writing at the time of production that the documents or information produced are designated as Confidential Documents or Confidential Information. If the receiving Party's Outside Counsel of Record believes that any documents or information so designated should be excluded from the scope of this Protective Order, Outside Counsel of Record will meet and confer to resolve any disagreement. If Outside Counsel of Record are unable to resolve their differences, the designating Party may apply to the Court for a declaration as to whether the

4

particular documents or information should be within the scope of this Protective Order. If any Party determines that any document or information produced by a Party or a non-party without a "Confidential" or "Confidential – Attorneys Only" designation should have been designated as "Confidential" or "Confidential – Attorneys Only" the Party may promptly notify Outside Counsel of Record for the receiving Party, and the receiving Party shall thereafter comply with the provisions of this Order with respect to such documents or information (subject to the Party's right to object to such designation as set forth above). No disclosure of any such documents or information prior to notice to Outside Counsel of Record for the receiving Party as provided in this paragraph will be considered a violation of this Order. If the receiving Party has disclosed the documents or information before receiving the designation, the receiving Party must notify the disclosing Party in writing of each such disclosure. Outside Counsel of Record for the Parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced documents or information as "Confidential" or "Confidential – Attorneys Only."

4. Persons within the scope of Paragraph 2 above may not retain copies of Designated Materials, and such persons must return all Designated Materials to Outside Counsel of Record for the Parties when their participation in the case is ended or their need to have such documents or information ends, whichever comes first. Outside Counsel of Record for the Party disclosing the documents or information shall be responsible for procuring the return of such Designated Materials and to dispose of such Designated Materials in accordance with this Order.

5. Before any person is given access to Confidential Documents or Confidential Information therefrom under subparagraphs 2(b) or 2(c) above, the disclosing Party's Outside Counsel of Record shall provide such person with a copy of this Order and require such person to execute a written acknowledgement (attached hereto as Exhibit A) that he or she understands the

5

terms of this Order and agrees to abide by them. Outside Counsel of Record for the disclosing Party shall promptly provide copies of such acknowledgements to Outside Counsel of Record for the opposing Party. In the case of a deposition or trial witness, it shall be sufficient to provide the witness with a copy of this Order and to obtain his or her acknowledgement on the record one time prior to commencement of the deposition or testimony, and it shall not be necessary to repeat the process each time the witness is shown additional Designated Materials. In the event any non-party deponent refuses to execute such written acknowledgement or to verbally acknowledge on the record as described above, such deponent may be shown the Designated Materials only during his or her actual testimony and may not retain copies of any such information or documents.

6. Before filing any information that has been designated "Confidential" or "Confidential – Attorneys Only" with the Court, or any pleadings, motions or other papers that disclose any such information, counsel shall confer with counsel for the Party that produced the information so designated about how it should be filed. If the Party that produced the information so designated desires that the materials be filed under seal, then the filing Party shall file the materials in accordance with Local Civil Rule 79.2, EDNC, with notice served upon the producing Party. The filing of the materials under seal shall not be binding on the Court, however. Within 10 days of service of such notice, the Party desiring that the materials be maintained under seal shall file with the Court a Motion to Seal and supporting memorandum of law specifying the interests which would be served by restricting public access to the information. The Party that initially filed the materials need not file any such Motion to Seal or otherwise defend another Party's desire that the materials remain sealed. The Court will grant the Motion to Seal only after providing adequate notice to the public and opportunity for interested parties to object, after carefully weighing the interests advanced by the movant and those interests favoring public access to judicial documents

6

and records, and upon finding that the interests advanced by the movant override any common law or constitutional right of public access which may attach to the information. Documents submitted under seal in accordance with this paragraph will remain under seal pending the Court's ruling. If the Party desiring that the information be maintained under seal does not timely file a Motion to Seal, then the materials will be deemed unsealed, without need for order of the Court.

7. Each person given access to Confidential Documents or Confidential Information pursuant to this Order shall keep such material strictly secure, shall refrain from disclosing in any manner any Confidential Documents or Confidential Information, and shall keep such Confidential Documents or Confidential Information confidential except as otherwise provided by the terms of this Order.

8. Upon conclusion of this action, including all appeals, the provisions hereof relating to the access to, and use of, Confidential Documents and Confidential Information shall continue to be binding upon all persons entitled to access under the terms of this Order. The Parties agree to return to the disclosing Party within 30 days after conclusion of this action, including all appeals, any and all documents in their possession or control containing information which is the subject of this Order, including, without limitation, all copies, summaries, excerpts and notes thereof whether in its possession or the possession of its Outside Counsel of Record or any experts or consultants; or in lieu of returning the Confidential Documents or Confidential Information may permanently delete or destroy all Confidential Documents or Confidential Information and certify to the disclosing Party in writing that all Confidential Documents or Confidential Information have been destroyed.

9. Nothing in this Order shall preclude the Parties from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of documents

7

or other discovery material as they may deem appropriate. Nothing in this Order shall preclude either Party from objecting to any discovery requests on any applicable grounds (other than the grounds that the information sought is confidential or proprietary). Nothing in this Order constitutes a waiver by any party of the attorney/client privilege or the work product doctrine. Nothing herein shall limit a Party's or its Outside Counsel of Record's use of its own documents, or any documents obtained outside the discovery process in this action.

10. The inadvertent disclosure by a Party or non-party of Privileged Material will not be construed as a waiver, in whole or in part, of (a) that Party's or non-party's claims of privilege (including but not limited to attorney-client privilege, work product doctrine, or joint/common interest privilege) either as to the specific information disclosed or its subject matter, or (b) to the Party's right to withhold the material in this action or any other proceeding, including in federal and state proceedings. In accordance with Federal Rule of Evidence 502 and other applicable rules of evidence, any inadvertent or erroneous disclosure of Privileged Material shall not be deemed to waive — in this action or any other federal litigation or state proceeding — any applicable privilege or immunity (including, without limitation, the attorney-client privilege, the work product doctrine, and the joint defense or common interest privilege) that would otherwise attach to the document or information or other documents or information, regardless of the extent (if any) to which the Party disclosing the document or information has reviewed the document or information for privilege or other protection. In no event shall the inadvertent or erroneous production, disclosure, or transmission of Privileged Material form the basis for a claim that the material is not so protected. Upon realizing an inadvertent disclosure, Outside Counsel of Record for the producing Party will notify the Outside Counsel of Record for the receiving Party of the inadvertent disclosure and instruct the receiving Party to promptly return, delete, or destroy all

copies of the inadvertently produced communications or information (including any and all work product containing such communications or information). Upon receiving such a request from the disclosing Party, the receiving Party must promptly return, delete, or destroy all reasonably accessible copies of such inadvertently produced communications or information (including any work product containing such communications or information), refrain from accessing any other copies from backups or otherwise, and must make no further use of such communications or information (or work product containing such communications or information). The receiving Party's return, deletion, or destruction of information pursuant to this Section does not waive its right to challenge any claim of privilege, confidentiality, or other protection.

**CONSENTED TO:**

/s/ Brooks F. Bossong
Brooks F. Bossong
N.C. State Bar No. 19823
MAYNARD NEXSEN PC
800 Green Valley Road, Suite 500
Post Office Box 3463 (27402)
Greensboro, NC 27408
Telephone: (336) 373-1600
Facsimile: (336) 273-5357
E-Mail: BBossong@maynardnexsen.com

Michelle C. Prendergast
N.C. State Bar No. 52352
MAYNARD NEXSEN PC
4141 Parklake Avenue, Suite 200
Raleigh, NC 27612
Telephone: (919) 755-1800
Facsimile: (919) 653-0435
E-Mail: mprendergast@maynardnexsen.com

*Attorneys for Plaintiff Greenville Heritage Federal Credit Union*

/s/ J. David Duffy
J. David Duffy
Janki Patel
THOMPSON COBURN LLP
55 East Monroe Street 37th Floor
Chicago, IL 60603
Telephone: (312) 346-7500
Facsimile: (312) 580-2201
E-Mail: dduffy@thompsoncoburn.com
jpatel@thompsoncoburn.com

*Attorneys for Third-Party Defendants Brink's Incorporated and Brink's U.S., a Division of Brink's Incorporated*

L. Phillip Hornthal, III
N.C. State Bar No. 19984
HORNTHAL, RILEY, ELLIS & MALAND LLP
301 East Main Street
Elizabeth City, NC 27909
Telephone: (252) 335-0871
Facsimile: (252) 335-4223
E-Mail: phornthal@hrem.com

*Local Civil Rule 83.1(d) Counsel for Third-Party Defendants Brink's Incorporated and Brink's U.S., a Division of Brink's Incorporated*

/s/ William S. Cherry III
William S. Cherry III
N.C. State Bar No. 33860
MANNING, FULTON & SKINNER, P.A.
3605 Glenwood Avenue - Suite 500 (27612)
Post Office Box 20389
Raleigh, North Carolina 27619
Telephone: (919) 787-8880
Facsimile: (919) 325-4600
E-Mail: cherry@manningfulton.com

*Attorney for Defendant/Third-Party Plaintiff ATM USA, LLC*

10

**********************

## COURT'S APPROVAL AND MODIFICATION

This Consent Protective Order ("this Order") is the subject of the parties' joint motion [DE-27] for entry thereof. The court hereby GRANTS the motion, and APPROVES and ADOPTS the terms of this Order proposed by the parties in the form at [DE-27-1], subject to the following modifications.

1. The provisions of Local Civil Rule 79.2, E.D.N.C., along with Section V.G of the ECF Administrative Policies and Procedures Manual cited therein, shall control the filing of sealed documents, notwithstanding any contrary terms in this Order, including any such terms in Paragraph 6. Specifically, without exclusion of any other provision of Local Civil Rule 79.2, E.D.N.C., along with Section V.G of the ECF Administrative Policies and Procedures Manual, a party that seeks to file any document or documents under seal must comply with Local Civil Rule 79.2 and Section V.G. of the Court's CM/ECF Policy Manual, including the requirement, as applicable, to submit a supporting memorandum that specifies:

    (i) The exact document or item, or portions thereof, for which the filing under seal is requested;

    (ii) How such request to seal overcomes the common law or the First Amendment presumption to access;

    (iii) The specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interest in access;

    (iv) The reasons why alternatives to sealing are inadequate; and

    [(v)] Whether there is consent to the motion.

2. The return and destruction of Confidential Documents, Confidential Information, Designated Materials, and sealed materials by the clerk of court shall be governed by Local Civil Rules and orders of the court, notwithstanding any contrary terms in this Order, including any such terms in paragraphs 4 and 8. *See, e.g.*, Local Civil Rules 79.1, 79.2(c).

SO ORDERED, this 21st day of October, 2024.

_____
Brian S. Meyers
United States Magistrate Judge

## EXHIBIT A
## PROTECTIVE ORDER

I have read and am familiar with the terms of the Consent Protective Order governing the disclosure of confidential information in the case of **Greenville Heritage Federal Credit Union v. ATM USA, LLC v. Brink's Incorporated and Brink's U.S. a Division of Brink's Incorporated (E.D.N.C. 24-CV-00007-D-BM)** and I agree to abide by all the terms of said Order and not to reveal or otherwise communicate any of the information disclosed to me pursuant thereto to anyone except in accordance with the terms of said Order. I agree not to make use of any information or material obtained pursuant to that Order other than for purposes of this litigation. I understand that my obligations pertaining to the information protected by the Order continue even after the conclusion of the action. I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of North Carolina for the purpose of enforcing the terms of the Order, even if such enforcement proceedings occur after termination of this action.

Name: _____

Date: _____

12

Case 5:24-cv-00007-D-BM    Document 29    Filed 10/21/24    Page 12 of 12